Stephen B. Morris, State Bar No. 126192
MORRIS and ASSOCIATES
444 West C Street, Suite 300
San Diego, California 92101
Telephone: (619) 239-1300
Facsimile: (619) 234-3672

Walter Haines, State Bar No. 71075
UNITED EMPLOYEES LAW GROUP
65 Pine Ave, #312
Long Beach, California 90802
Telephone: (877) 696-8378
Facsimile: (562) 256-1006

Attorneys for Plaintiff
PETRINA SMITH

Timothy M. Freudenberger, State Bar No. 138257
Kent J. Sprinkle, State Bar No. 226971
Connor J. Moyle, State Bar No. 250384
CARLTON DiSANTE & FREUDENBERGER LLP
601 Montgomery Street
Suite 350
San Francisco, California 94111
Telephone: (415) 981-3233
Facsimile: (415) 981-3246
E-Mail:  tfreud@cdflaborlaw.com
         ksprinkle@cdflaborlaw.com
         cmoyle@cdflaborlaw.com

Attorneys for Defendant
TVI, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PETRINA SMITH, an individual on behalf of herself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TVI, INC., a Washington corporation conducting business in the State of California, and Does 1 to 10, <br><br> Defendant. | Case No. CV-08-4679 MHP <br><br> Judge: Hon. Marilyn H. Patel <br> Ctrm:   15, 18th Floor <br><br> [PROPOSED] ORDER APPROVING STIPULATION AND DISMISSAL OF ALL REMAINING CLAIMS AND DISMISSAL OF PLAINTIFF'S COMPLAINT, IN ITS ENTIRETY, WITH PREJUDICE <br><br> Action Filed:   October 9, 2008 <br> Trial Date:    None Set |

THE COURT HEREBY APPROVES the "Stipulation Regarding Dismissal of All Remaining Claims and Dismissal of Plaintiff's Complaint, in Its Entirety, With Prejudice" ("stipulation") filed by the parties to this action on April 21, 2009. Specifically, Plaintiff Petrina Smith ("Plaintiff") and Defendant TVI, Inc. ("Defendant" or "TVI") (collectively, the "Parties"), stipulated and agreed, through their respective counsel of record, that Plaintiff will and hereby does dismiss all of her remaining state law claims and, as a result, will and hereby does dismiss Plaintiff's First Amended Complaint ("Complaint"), in its entirety, with prejudice, as set forth below:

1. In the First Amended Complaint, filed February 5, 2009, Plaintiff alleged individual and collective claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216. Specifically, Plaintiff alleged that Defendant improperly classified Plaintiff and other members of the purported class as exempt and failed to pay overtime compensation to Plaintiff and proposed class members.

2. Plaintiff sought to bring her FLSA claim individually and as an opt-in collective action on behalf of "all Operations Supervisors employed in the United States by Defendant during the Class Period," pursuant to 29 U.S.C. Section 216(b).

3. At the February 25, 2009 Case Management Conference in this matter, the Court specifically authorized Defendant to take Plaintiff's "deposition for the purposes of determining her adequacy as a class representative or anything related to what [Defendant] would want to know about her with regard to her status as a class representative." Feb. 25, 2009 CMC transcript at 10:2-7.

4. On March 26, 2009, Defendant took Plaintiff's deposition pursuant to the Court's directive, and inquired into issues related to Plaintiff's adequacy as a class representative. In her deposition, Plaintiff unequivocally testified and admitted that, as an Operations Supervisor at TVI, her most important and primary duty was managing and supervising the Operations department and all of the department's employees. As a result of this and other undisputed testimony by Plaintiff relevant to the FLSA, the Parties agreed and stipulated that Plaintiff was not misclassified as

1  exempt under the FLSA, and thus lacked standing to pursue any individual and/or
2  collective claim under the FLSA.

3  5.  A set forth in the stipulation filed by the Parties on April 6, 2009, Plaintiff agreed to dismiss and did dismiss, with prejudice, all individual and collective FLSA claims. In its Order filed April 9, 2009, the Court approved the Parties' April 6, 2009 stipulation and dismissed all FLSA claims, individual and collective, with prejudice.

6.  Following the dismissal of Plaintiff's individual and collective FLSA claims, the <u>only</u> claims remaining in Plaintiff's Complaint are Plaintiff's individual state law claims, including alleged misclassification, alleged missed meal and rest periods, alleged failure to provide wages when due, alleged failure to provide itemized employee wage statements (all alleged pursuant to the California Labor Code), and the alleged violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*).

7.  The Parties have reached an agreement to settle Plaintiff's remaining individual California state law claims, the terms of which will be set forth in a separate settlement agreement between the Parties.  As a result of the settlement agreement, Plaintiff will and hereby does dismiss all remaining state law claims.  Because Plaintiff's individual state law claims are the only claims that remain, Plaintiff will and hereby does dismiss her Complaint in its entirety, with prejudice.

The Court hereby approves of the Parties' stipulation, and each of its terms.  Therefore, all of Plaintiff's remaining state law claims are hereby dismissed and, as a result, Plaintiff's Complaint, in its entirety, is also hereby dismissed, with prejudice.

**IT IS SO ORDERED.**



Hon.
United
Judge Marilyn H. Patel

3

Case No. CV-08-4679 MHP
ORDER DISMISSING ENTIRE COMPLAINT, WITH PREJUDICE